RAMÓN MONTANER, AS MANAGER OF THE STATE FUND, Appellant, v. THE INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Appellee, and HEIRS OF RAFAEL DÍAZ ORTIZ, Petitioner before the Commission.

No. 159. Argued February 6, 1939.—Decided May 16, 1939.

*B. Fernández García, Attorney General, Emilio de Aldrey, Assistant Attorney General, Víctor J. Vidal González, Legal Advisor of the State Fund,* and *G. Atiles Moréu, Assistant Legal Advisor, attorneys* for appellant. *M. León Parra, attorney* for appellee. *Donald Dexter,* attorney for the Heirs of Díaz, petitioners before the Industrial Commission.

Mr. Justice Travieso delivered the opinion of the Court.

Rafael Díaz Ortiz worked as driver or chauffeur of a truck the property of Juan García, a merchant and employer insured under the State Insurance Fund. Besides working as a chauffeur, said employee occasionally did work for his employer helping the peons of the truck in loading, unloading and stowing the merchandise which he himself transported. On the 23rd of September 1936 Rafael Díaz Ortiz died suddenly in the warehouse of Martínez Hnos. & Co. immediately after making a strong endeavor to unload and stow a certain number of barrels which weighed over 300 pounds each.

It appears from the record before us that on the 24th of May 1937 the estate of the deceased filed a petition for compensation before the Industrial Commission; that the Commission refused to entertain it because "the case should first be filed before the Manager and if it were refused by him, then the Commission could intervene if it were appealed"; that on the 13th of June 1937 the estate of Díaz filed a petition before the Manager of the State Fund stating, undoubtedly by an involuntary mistake, that Díaz had died on the 23rd of February 1936; that the only action taken by the Manager in regard to said petition was to address a letter to the attorney for the petitioner on June 16, 1937, informing him "that it does not appear from our records that any case has been filed under the workman's name"; and that five days after receiving the letter from the Man-

ager, the attorney for petitioner filed his appeal before the Industrial Commission.

On the day set for the hearing before the Commission, on December 21, 1937, the attorney for the State Insurance Fund objected to the continuation of the proceedings before the Commission, alleging that no formal petition before the State Fund had ever been filed; that in the petition filed on June 3, 1937, only the name of the workman and of the employer and the occurrence of the accident were mentioned, without making neither a statement of facts nor stating the place where the accident occurred; and that the Manager of the Fund having made no pronouncement, there was nothing from which an appeal before the Commission could be taken. The Commission decided to go on with the hearing, heard the evidence submitted by the parties and rendered a decision from which we copy the following pronouncements:

"The Industrial Commission decides to take jurisdiction and hear the case for the following reasons:

"1. Because it believes that the Manager of the State Fund, immediately after receiving notice of the accident, should have proceeded to make the proper investigation in search of the truth of the facts, getting in touch either with the employer, or with the beneficiaries or with their attorneys.

"2. Because on being notified by the Industrial Commission that he should appear on the hearing set for the 21st of December, he ought to have informed the Commission that the case was under his consideration.

"3. Because on appearing to the public hearing with his evidence and ample opportunity to defend his rights having been granted to him, he suffered no detriment at all.

"4. That the fact that the employer did not report the case to the insurer, thus not complying with his duties, does not stop the beneficiaries from claiming their rights nor the insurer or the Industrial Commission to act as soon as they have knowledge of the occurrence of an accident. *Silva* v. *Luce & Co., S. en C.,* 44 P.R.R. 307.

"5. Because the unjustified delay in the decision of the cases injures the rights of the workmen."

And after examining the evidence, the Commission arrived at the following conclusions of fact:

"(a) That Rafael Díaz Ortiz' daily duty was that of a truck driver, that is, chauffeur.

"(b) That he occasionally loaded, unloaded and stowed the merchandise which he carried, helped by the peons of the truck, but that that was not his ordinary job.

"(c) That on the 23rd of September 1936 and in the course of his employment he made a strong endeavor on unloading and stowing ten barrels, the weight of which exceeded 300 pounds each.

"(d) That the workman's physician is of the opinion that the stress resulted in a stroke of apoplexy which, acting on the vagus nerve, paralyzed the heart and produced his death.

"(e) That the conclusion at which the physician for the estate of the workman arrived was not controverted by the Manager."

The Manager appellant bases his petition for the revision and reversal of the resolution appealed from in eight assignments of error, which we proceed to state and consider.

■■ 1. That the Commission erred in considering as valid the application for compensation filed by the estate, petitioner before the Manager.

Appellants challenges the sufficiency of the petition on the ground that the date of the occurrence of the accident was alleged as February 23 instead of September 23, 1936, and that it does not describe the accident nor allege the place and the hour in which the death of the workman took place.

The mistake as to the date of the death is unimportant and could not injure the rights of the Manager of the Fund. It appears from the record filed in this Court that as soon as petitioner filed her original application before the Commission, the latter addressed a letter to the Manager of the Fund on May 25, 1937, requesting a certified copy of the decision rendered by the Manager in the case of the workman Rafael Díaz Ortiz, Juan García, employer, and that on that same day the Manager answered informing the Commission "that in the files of this Administration the case of the death of the workman Rafael Díaz Ortiz, employer Juan

García, which happened on September 23, 1936, and to which the correspondence refers, does not appear." It is evident that the Manager of the Fund knew the exact date of the death of the workman, at least since May 25, 1937, and before the petition for compensation was filed before him.

In our opinion the Commission did not err in considering valid and sufficient the petition filed before the Administrator. By it the said official was informed that a workman called Rafael Díaz Ortiz had died as a consequence of and while working for the employer Juan García, who was insured in the State Fund. This data was more than sufficient to enable the Manager, whose duty is not only to defend the Fund against unjust claims, but also to pay without delay any claims which are within the law, to proceed without delay in the investigation of the case.

■ 2. That the Commission erred in concluding that the Manager did not consider the petition filed before him and made no investigation in the case.

As an excuse for his inaction the appellant alleges that the appeal filed by the petitioning heirs, eight days after the petition for compensation had been filed, took the case out of the jurisdiction of the Manager of the State Fund and made the investigation impossible.

The appeal to the Industrial Commission was filed and notice was served on the Manager on July 21st, 1937. In the notice of appeal the Commission was informed that:

"3. That on June 3, 1937, the said heirs filed the corresponding claim before the Manager of the State Fund who on June 16, 1937, denied said claim based on the fact that no case of death in the name of the said workman appeared from his files."

Notwithstanding the fact that he was informed that his letter of June 6, 1937, addressed to the attorney of the petitioning heirs, had been interpreted by the latter as a denial of the petition for compensation, the Manager appellant remained inactive, without explaining his attitude to the Commission, without investigating or deciding the case, from

June 21st until December 21, 1937. The allegations of the attorney for the appellant, made in the hearing before the Commission, to the effect that as a courtesy to the Commission the Manager, as soon as he heard of the appeal, suspended all official action in the case, does not justify the inaction of the Manager. He, upon being informed of the reasonable interpretation that had been given to his letter, could and should have informed the Commission and the petitioner that the case was still pending investigation and decision by the Manager. The Commission would surely have given him sufficient opportunity to comply with the duty that the law imposes upon him.

There was no error in the interpretation by the Commission of the attitude of the appellant.

3. That the Commission erred in assuming jurisdiction in this case and in deciding it without complying with the law.

Section 7 of the Workmen's Compensation Act, approved on April 18, 1935, in its relevant part states as follows:

"In case the Manager of the State Fund delays for more than one month, without justified cause, the decision of a complete case submitted for its consideration, the workman or the employer, who are necessary parties to said case, or any interested party may complain to the Industrial Commission compelling the Manager to decide the case; and if it should be necessary, the Commission may also order the Manager to forward the record of the case to said Commission for the purpose of assuming jurisdiction therein and of deciding it; but before assuming jurisdiction in a case and deciding it, the Commission shall give the Manager a reasonable opportunity to close and decide said case."

Considering the aforementioned facts, the reasons that the Commission had for assuming jurisdiction (supra) and that the spirit and purpose of this wise and human legislation is to provide a rapid and effective procedure free from unjustified technicalities, so that the dependents of a workman who dies in the course of his employment may receive as soon as possible the pecuniary help that the law awards them,

we must reach the conclusion that the Industrial Commission acted correctly. If we upheld the contrary, as the appellant pretends, the State Fund would in no way be benefited; and the beneficiaries would be forced to continue waiting for the compensation they are entitled to and that they need to live, after having waited, for reasons of which they are not responsible, for nearly three years.

██ The next five assignments of error raise questions of fact which are not reviewable by this Court. We have carefully examined the evidence submitted to uphold the claim and we are of the opinion that it is sufficient to uphold each and everyone of the conclusions of fact arrived at by the Commission (supra).

The fact that the workman in this case suffered from a chronic ailment—a fact which was not proven conclusively—whereby he would be more susceptible to suffer an injury which would cause his death, would not of itself be sufficient to deprive his beneficiaries of their compensation. *Montaner, Manager*, v. *Industrial Commission*, 54 P.R.R. ____; *Heirs of París* v. *Industrial Commission*, 52 P.R.R. ____; *Hill* v. *Gassner Co.*, 188 Atl. 382; *Clark* v. *Lehigh Valley R. R. Co.*, 264 Pa. 529, 107 Atl. 858; *Lackner* v. *Pierre*, 181 Atl. 845; *Samoskie* v. *Philadelphia & R. C. & Iron Co.*, 124 Atl. 471; and *Foster* v. *Borough of State College*, 189 Atl. 786.

The petition is denied and the decision of the Industrial Commission of September 18, 1938, is affirmed.